UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MARIO R. LOZANO, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 24-10142-ADB |
| | * | |
| GARY CRUICKSHANK, | * | |
| | * | |
| Defendant. | * | |
| | * | |

ORDER

BURROUGHS, D.J.

*Pro se* plaintiff Mario R. Lozano, who is a debtor in a bankruptcy action now before the United States Court of Appeals for the First Circuit, *see In re: Mario R. Lozano*, No. 23-1611 (1st Cir.), has filed a complaint against Gary Cruickshank, who is the trustee of the bankruptcy estate. [ECF #1]. Lozano claims that Cruickshank is wrongfully enforcing the very judgment whose validity Lozano is challenging in that appeal and that Cruickshank is otherwise mismanaging the bankruptcy estate. In the complaint, Lozano seeks $1.8 million in damages. In a separate motion, he seeks "a Stay of further action by Defendant until the Appellate Review is completed by the US Court of Appeals." [ECF # 2 ¶ 10]. For the reasons stated below, the Court dismisses this action for lack of subject matter jurisdiction.[1]

---

[1] A court has an obligation to inquire *sua sponte* into its own jurisdiction. *See McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

In *Barton v. Barbour*, the Supreme Court held that, as a matter of common law, before someone brings suit against a receiver,[2] they must first obtain the permission of the court which appointed the receiver.  104 U.S. 126, 127-29 (1881).  The Supreme Court reasoned that, in bankruptcy actions many "incidental" issues arise "in the course of administering the bankrupt estate," which would "ordinarily" be litigated as cases at law, in which a jury would decide questions of fact if the case were to proceed to trial, but that, because these issues "belong[] to the bankruptcy proceedings, they become cases over which the bankruptcy court, which acts as a court of equity," "exercises exclusive control."  *Muratore v. Darr*, 375 F.3d 140, 143 (1st Cir. 2004) (quoting *Barton*, 104 U.S. at 134).  Thus, unless the bankruptcy court authorizes the suit against the receiver or trustee, the court in which the unauthorized suit is brought is without subject matter jurisdiction over the action.  *See id*. at 143-48 (affirming district court's dismissal of action against trustee under *Barton* for lack of subject matter jurisdiction); *see also Lankford v. Wagner*, 853 F.3d 1119 (10th Cir. 2017) (same); *In re Crown Vantage*, 421 F.3d 963, 970-71 (9th Cir. 2005) (same); *Seaman Paper Co. of Mass., Inc. v. Polsky*, 537 F. Supp. 2d 233, 238 (D. Mass. 2007) (dismissing action for lack of subject matter jurisdiction based on *Barton*).  Here, Lozano does not indicate that he has received permission from the bankruptcy court to bring this lawsuit.

Congress codified a very limited exception to *Barton* in 28 U.S.C. ¶ 959(a), which provides that "[t]rustees, receivers or managers of any property, including debtors in possession, may be sued, without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property."  28 U.S.C. ¶ 959(a).  This

---

[2] "*Barton* involved a receiver in state court, but the circuit courts have extended the *Barton* doctrine to lawsuits against a bankruptcy trustee." *Muratore v. Darr*, 375 F.3d 140, 143 (1st Cir. 2004) (quoting *Carter v. Rodgers*, 220 F.3d 1249, 1252 (11th Cir. 2000)).

exception refers to "acts or transactions in conducting the debtor's business in the ordinary sense of the words or in pursuing that business as an operating enterprise." *Muratore*, 375 F.3d 140, 144.

Examples of lawsuits falling within the purview of § 959(a) include "a negligence claim in a slip and fall case where a bankruptcy trustee . . . conducted a retail store," "where a trustee continued the business of a debtor in operating a railroad, and the trustee had been sued in his representative capacity for damages for use of another's tracks and in a case for wrongful death, and injury resulting to a member of the public in a grade crossing accident." *Id.* (internal quotation marks and citations omitted). Lozano's claims do not fall within this exception. *See id.* (stating that § 959(a) does not apply to "collecting and liquidating the assets of the debtor," "taking steps for the care and preservation of property, and "actions taken in the mere continuous administration of property under order of the court" (citations omitted)).

Accordingly, the Court DISMISSES for lack of subject matter jurisdiction because Lozano has not obtained permission from the bankruptcy court to bring this action and § 959(a) does not apply to his claims.

The Clerk shall mail a copy of this order to Cruickshank at his address of record on the docket of *In re: Mario R. Lozano*, No. 23-1611 (1st Cir.).

IT IS SO ORDERED.

January 19, 2024                         /s/ Allison D. Burroughs
                                         ALLISON D. BURROUGHS
                                         U.S. DISTRICT JUDGE